**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CIPLA USA, INC., and<br>CIPLA LIMITED,<br><br>Defendants. | Civil Action No. 1:16-cv-00074-LPS |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS CIPLA USA, INC. AND CIPLA LIMITED**

Defendants Cipla Limited and Cipla USA, Inc. (collectively, "Cipla"), by and through their attorneys, respond to each of the numbered paragraphs in the Complaint by Plaintiff Bristol-Myers Squibb Company ("BMS" or "Plaintiff") as follows:

**NATURE OF THE ACTION**

1. Cipla admits that the Complaint purports to be a civil action for patent infringement under Title 35 of the United States Code. Cipla admits that the Complaint alleges that this action arises out of Cipla Limited's filing of Abbreviated New Drug Application ("ANDA") No. 200626 with the U.S. Food and Drug Administration ("FDA"). Cipla denies any and all remaining allegations in paragraph 1 of the Complaint.

2. Cipla admits that Cipla Limited filed ANDA No. 200626, and the document speaks for itself as to its contents. Cipla denies any and all remaining allegations in paragraph 2 of the Complaint.

## THE PARTIES

3. Cipla is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies them.

4. Cipla is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies them.

5. Cipla admits that Cipla USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9100 S. Dadeland Blvd., Suite 1500, Miami, FL 33156. Cipla denies any and all remaining allegations in paragraph 5 of the Complaint.

6. Cipla admits that Cipla Limited is a corporation organized under the laws of India, having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai – 400013, Maharashtra, India. Cipla denies any and all remaining allegations in paragraph 6 of the Complaint.

7. Cipla admits that Cipla USA, Inc. is a wholly-owned subsidiary of Invagen Pharmaceuticals, Inc. Invagen Pharmaceuticals, Inc. is a wholly-owned subsidiary of Cipla (EU Limited), which is a wholly-owned subsidiary of Cipla Limited. Cipla further admits that Cipla USA, Inc. is authorized to accept service of process for Cipla Limited for purposes of ANDA No. 200626. Cipla denies any and all remaining allegations in paragraph 7 of the Complaint.

8. Cipla admits that Cipla is in the business of, among other things, developing, manufacturing, and selling pharmaceutical products for the U.S. market. Cipla denies any and all remaining allegations in paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. For the limited purposes of this action only, Cipla does not contest subject matter

jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Cipla denies any and all remaining allegations in paragraph 9 of the Complaint.

10. For the limited purposes of this action only, Cipla does not contest venue in this judicial district. Cipla denies any and all remaining allegations in paragraph 10 of the Complaint.

11. For the limited purposes of this action only, Cipla USA, Inc. does not contest personal jurisdiction in Delaware. Cipla denies any and all remaining allegations in paragraph 11 of the Complaint.

12. For the limited purposes of this action only, Cipla Limited does not contest personal jurisdiction in Delaware. Cipla denies any and all remaining allegations in paragraph 12 of the Complaint.

13. For the limited purposes of this action only, Cipla Limited does not contest personal jurisdiction in Delaware. The remaining assertions in paragraph 13 comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Cipla denies said allegation.

14. For the limited purposes of this action only, Cipla Limited does not contest personal jurisdiction in Delaware. The remaining assertions in paragraph 14 comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Cipla denies said allegation.

15. For the limited purposes of this action only, Cipla does not contest personal jurisdiction in Delaware. The remaining assertions in paragraph 15 comprise legal conclusions to which no answer is required. To the extent an answer to any factual allegation not otherwise addressed herein is required, Cipla denies said allegation.

**PATENT-IN-SUIT**

16. Cipla admits that the ’383 patent was issued by the United States Patent and Trademark Office (“USPTO”) on July 11, 2000, entitled “Bisulfate Salt of HIV Protease Inhibitor.” Cipla further admits that the ’383 patent is assigned on its face to Bristol-Myers Squibb Company and what purports to be a copy of the ’383 patent is attached to the Complaint as Exhibit A. Cipla admits that the FDA’s *Approved Drug Products with Therapeutic Equivalence Evaluations* (“Orange Book”) lists both the ’383 patent as expiring on Dec. 21, 2018 and the pediatric exclusivity associated with the patent as expiring on June 21, 2019. Cipla denies any and all remaining allegations in paragraph 16 of the Complaint.

17. Cipla admits the Orange Book lists BMS as the applicant for New Drug Application (“NDA”) No. 021567 for Reyataz®. Cipla further admits that the Orange Book associates the ’383 patent with NDA No. 021567. Cipla further admits that the Orange Book lists “atazanavir sulfate” as the active ingredient for NDA No. 021567, and that the strength is listed as EQ 150 mg base, EQ 200 mg base, and EQ 300 mg base. Cipla further admits that the Orange Book lists dosage forms “capsule” and “oral” for NDA. No. 021567. Cipla is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and, therefore, denies them.

**INFRINGEMENT BY CIPLA**

18. Cipla admits that Cipla Limited notified BMS that Cipla Limited had submitted ANDA No. 200626 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) (“the Reyataz Notice Letter”). Cipla denies any and all remaining allegations in paragraph 18 of the Complaint.

19. Cipla admits that the Reyataz Notice Letter states that Cipla Limited seeks approval from the FDA to engage in the commercial manufacture, use, or sale of Atazanavir Sulfate Capsules, eq 100 mg base/capsule, eq 150 mg base/capsule, eq 200 mg base/capsule, and eq 300 mg base/capsule strengths ("Cipla ANDA Product") before the expiration of the '383 patent. Cipla denies any and all remaining allegations in paragraph 19 of the Complaint.

20. Cipla admits that ANDA No. 200626 seeks approval from the FDA for Atazanavir Sulfate Capsules, 100 mg, 150 mg, 200 mg, and 300 mg strengths. Cipla denies any and all remaining allegations in paragraph 20 of the Complaint.

21. Cipla admits that the Cipla ANDA Product is Atazanavir Sulfate Capsules, 100 mg, 150 mg, 200 mg, and 300 mg strengths. Cipla denies any and all remaining allegations in paragraph 21 of the Complaint.

22. Cipla admits that the Cipla ANDA Product will be manufactured by Cipla Limited and/or at its direction. Cipla denies any and all remaining allegations in paragraph 22 of the Complaint.

23. Cipla admits that in the Reyataz Notice Letter, Cipla Limited states that "Cipla has filed a certification of invalidity, unenforceability, and/or non-infringement of U.S. Patent No. 6,087,383, in connection with Cipla's ANDA seeking approval for Atazanavir capsules, which contain eq 100 mg base/capsule, eq 150 mg base/capsule, eq 200 mg base/capsule and eq 300 mg base/capsule of Atazanavir Sulfate as the active ingredient, related to BMS' Reyataz® capsules." Cipla further states that "Cipla's ANDA was submitted under 21 U.S.C. § 355(j)(1) and (2)(A), with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, or sale of Cipla's ANDA Product before the expiration of U.S. Patent No. 6,087,383, which is listed in the Patent and Exclusivity Information Addendum of FDA's

publication, *Approved Drug Products With Therapeutic Equivalence Evaluations* (commonly known as 'the Orange Book')." Cipla denies any and all remaining allegations in paragraph 23 of the Complaint.

24. Cipla admits that the Complaint was filed within 45 days from the date BMS received the Reyataz Notice Letter. Cipla denies any and all remaining allegations in paragraph 24 of the Complaint.

**COUNT ONE: INFRINGEMENT OF THE '383 PATENT**

25. Cipla repeats and realleges its responses to the allegations in paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Cipla denies the allegations in paragraph 26 of the Complaint.

27. Cipla denies the allegations in paragraph 27 of the Complaint.

28. Cipla denies the allegations in paragraph 28 of the Complaint.

29. Cipla denies the allegations in paragraph 29 of the Complaint.

**ANSWER TO BMS' PRAYER FOR RELIEF**

Cipla denies that BMS is entitled to the relief sought in paragraphs 1 through 5 on pages 6 and 7 of the Complaint.

**AFFIRMATIVE AND SEPARATE DEFENSES**

Without prejudice to the denials set forth in its responses to paragraphs 1 through 29 of the Complaint, Cipla alleges the following Affirmative and Separate Defenses to the Complaint. Cipla expressly reserves the right to allege additional defenses as they become known through the course of discovery. Cipla does not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

**First Defense**
**(Invalidity of the '383 Patent)**

The '383 patent, and each of the claims 1 and 2, are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Second Defense**
**(Noninfringement of the '383 Patent)**

The Cipla ANDA Product described in ANDA No. 200626 does not infringe any valid and enforceable claim of the '383 patent.

**Third Defense**
**(Improper Party)**

Cipla USA, Inc. did not file ANDA No. 200626 with the FDA and has therefore committed no act of infringement under 35 U.S.C. § 271(e)(2)(A) as a matter of law. Thus, the Complaint fails to state a claim against Cipla USA, Inc. for which relief under 35 U.S.C. § 271(e)(4) may be sought.

**COUNTERCLAIMS**

1. Defendant/Counterclaim-Plaintiff Cipla Limited brings the following Counterclaims against Plaintiff/Counterclaim-Defendant Bristol-Myers Squibb Company ("BMS" or "Counterclaim-Defendant") for a declaratory judgment that U.S. Patent No. 6,087,383 (the "'383 patent") is invalid and/or not infringed by Cipla Limited and Cipla Limited's Atazanavir Sulfate Capsules, 100 mg, 150 mg, 200 mg, and 300 mg strengths, as described in ANDA No. 200626 (the "Cipla ANDA Product").

2. On December 31, 2015, Cipla Limited sent BMS a notification of paragraph IV certification for the '383 patent with respect to Cipla Limited's filing of ANDA No. 200626 ("Reyataz Notice Letter"). The Reyataz Notice Letter included, among other things, Cipla

Limited's detailed factual and legal basis for the paragraph IV certification regarding the '383 patent as it pertains to the Cipla ANDA Product.

## THE PARTIES

3. Counterclaim-Plaintiff Cipla Limited is a corporation organized under the laws of India, having a principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai – 400013, Maharashtra, India.

4. Upon information and belief, Counterclaim-Defendant BMS is a Delaware corporation having a place of business at 345 Park Avenue, New York, New York.

5. Upon information and belief, Counterclaim-Defendant BMS is the holder of New Drug Application ("NDA") No. 021567 for Reyataz®, 150 mg, 200 mg, and 300 mg strength atazanavir sulfate capsules.

6. Upon information and belief, Counterclaim-Defendant BMS currently markets 150 mg, 200 mg, and 300 mg (base equivalent) strength atazanavir sulfate capsules under the trade name Reyataz® pursuant to the FDA's approval of NDA No. 021567.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367, based on an actual controversy between Cipla Limited and Counterclaim-Defendant BMS arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8. This Court has personal jurisdiction over Counterclaim-Defendant because Counterclaim-Defendant has availed itself of the rights and privileges, and subjected itself to the jurisdiction, of this forum by suing Cipla Limited in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391, 1400(b), and by Counterclaim-Defendant's choice of forum.

**First Counterclaim**
**(Declaratory Judgment of Noninfringement and Invalidity of the '383 Patent)**

10. Cipla Limited incorporates by reference the allegations set forth in paragraphs 1 through 9 of the Counterclaims as if fully set forth herein.

11. On or about February 11, 2016, Counterclaim-Defendant BMS filed a civil action in this judicial district against Cipla Limited alleging infringement of the '383 patent. There is an actual case or controversy between Cipla Limited and Counterclaim-Defendant BMS concerning the alleged infringement of the '383 patent by Cipla Limited and the Cipla ANDA Product.

12. The manufacture, use, sale, offer for sale and/or importation of the Cipla ANDA Product does not, and would not if marketed, infringe any valid and enforceable claim of the '383 patent.

13. Cipla Limited is entitled to a judicial declaration that the manufacture, use, sale, offer for sale and/or importation of the Cipla ANDA Product does not, and would not if marketed, infringe any valid and enforceable claim of the '383 patent.

14. There is an actual case or controversy as to the validity of all claims of the '383 patent.

15. The '383 patent, including all claims thereof, is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

16. For at least the reasons stated in the Reyataz Notice Letter, the claims of the '383 patent are invalid, and therefore, not infringed by Cipla's ANDA Product.

**PRAYER FOR RELIEF**

WHEREFORE, Cipla Limited prays that this Court enter judgment against Counterclaim-Defendant BMS:

A. Declaring that the manufacture, use, sale, offer for sale and/or importation of the Cipla ANDA Product does not, and would not if marketed, infringe any valid and enforceable claim of the ’383 patent;

B. Declaring that the claims of the ’383 patent are invalid;

C. Ordering that Counterclaim-Defendant’s Complaint be dismissed with prejudice and judgment entered in favor of Cipla Limited;

D. Awarding Cipla Limited its costs and expenses incurred in this action; and

E. Awarding Cipla Limited such other and further relief as the Court may deem proper.

Dated: March 4, 2016

*/s/ Mary B. Matterer*

Mary B. Matterer (I.D. #2696)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Tel: (302) 888-6800
Fax: (302) 571-1750
mmatterer@morrisjames.com

*Of Counsel:*

Vaibhav P. Kadaba
Anil H. Patel
**KILPATRICK TOWNSEND AND STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Tel: (404) 815-6500
wkadaba@kilpatricktownsend.com
apatel@kilpatricktownsend.com

Stephanie Martinez
**KILPATRICK TOWNSEND AND STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 467-9600
smartinez@kilpatricktownsend.com

*Attorneys for Cipla USA, Inc. and Cipla Limited*