**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CIPLA USA, INC., and<br>CIPLA LIMITED,<br><br>Defendants. | ) | Civil Action No. 16-cv-74-LPS |

**PLAINTIFF'S ANSWER TO DEFENDANT CIPLA LIMITED'S COUNTERCLAIMS**

Plaintiff Bristol-Myers Squibb Company ("BMS") hereby answers the Counterclaims of Defendant Cipla Limited,[1] D.I. 8, as follows:

**COUNTERCLAIMS**[2]

1. BMS admits that Cipla Limited purports to bring a counterclaim against BMS for a declaratory judgment that the '383 patent is invalid and/or not infringed by Cipla Limited and the Cipla ANDA Product. BMS denies any and all remaining allegations in this Paragraph.

2. BMS admits that, by letter sent by regular mail on December 31, 2015, Cipla USA, Inc. notified BMS that Cipla Limited had submitted ANDA No. 200626 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), and that the ANDA included a Paragraph IV certification for the '383 patent. BMS received the Reyataz

---

[1] Defendants Cipla Limited and Cipla USA, Inc. are collectively referred to herein as "Cipla Defendants."

[2] BMS has incorporated the headings that appear in Cipla Limited's Counterclaims. BMS does not necessarily agree with the characterization of such headings and does not waive any right to object to those characterizations.

Notice Letter no earlier than January 7, 2016. BMS denies any and all remaining allegations in this Paragraph.

**THE PARTIES**

3. BMS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph.

4. Admitted.

5. Admitted.

6. Admitted.

**JURISDICTION AND VENUE**

7. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, BMS admits that this action purports to arise under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and, thus, that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). BMS does not dispute that, at the present time, there is an actual case or controversy between BMS and the Cipla Defendants concerning the ’383 patent. BMS denies any and all remaining allegations in this Paragraph.

8. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, BMS does not contest personal jurisdiction in this Court for purposes of this action. BMS denies any and all remaining allegations in this Paragraph.

9. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, BMS does not contest that venue with respect to the Counterclaims is proper in this judicial district. BMS denies any and all remaining allegations in this Paragraph.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Noninfringement and Invalidity of the ’383 Patent)**

10. BMS hereby incorporates the answers set forth in Paragraphs 1 through 9.

11. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, BMS admits that on February 11, 2016, it filed a civil action against the Cipla Defendants alleging infringement of the ’383 patent. BMS does not dispute that, at the present time, there is an actual case or controversy between BMS and the Cipla Defendants concerning the ’383 patent.

12. Denied.

13. Denied.

14. This Paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, BMS does not dispute that, at the present time, there is an actual case or controversy between BMS and the Cipla Defendants as to the validity of all claims of the ’383 patent.

15. Denied.

16. Denied.

## PRAYER FOR RELIEF

BMS denies that Cipla Limited is entitled to any of the relief sought in its Counterclaims or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

BMS hereby asserts the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c). BMS further reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now

exist or in the future be available based on discovery and further factual investigation in this case.

**FIRST DEFENSE**

**(Failure to State a Claim)**

Cipla Limited has failed to state a claim upon which relief can be granted.

Dated: March 28, 2016

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
Phone: 302-777-0300
Fax: 302-777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Amy K. Wigmore (admitted *pro hac vice*)
Tracey C. Allen (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000

*Counsel for Plaintiff Bristol-Myers Squibb Company*